UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| TRANSCANADA POWER MARKETING LTD., | : | |
| | : | C.A. No. 05-40076-FDS |
| Plaintiff, | : | |
| | : | (Michael P. Angelini, #019340) |
| v. | : | (Vincent F. O'Rourke, Jr., #380335) |
| | : | (Kimberly A. Stone, # 630952) |
| NARRAGANSETT ELECTRIC COMPANY, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO TRANSFER VENUE TO DISTRICT OF RHODE ISLAND AND TO STAY THIS ACTION PENDING RESOLUTION OF THIS MOTION

In the attached Decision and Order ("Decision"), the Honorable William E. Smith, United States District Judge for the District of Rhode Island, defers to this Court, as a matter of comity, the resolution of plaintiff TransCanada Power Marketing, Inc's (TCPM) claim that it is entitled to the presumptive benefits of the first filed rule. Defendant Narragansett Electric Company ("Narragansett") therefore respectfully requests that this Court transfer venue of this matter to the District of Rhode Island. Concluding that Narragansett's arguments are "well founded," Judge Smith recognized the strong interests of the State of Rhode Island in the outcome of this case and noted that Narragansett has raised serious issues that "merit further consideration of whether TransCanada should benefit from the first-filed rule." Finally, Judge Smith noted that his personal "status as a Narragansett rate payer would not present a disqualifying conflict of interest." (Decision at pp 5-6).

Since this is a threshold issue, Narragansett further requests that this Court stay all pending activity in this case, including discovery and automatic disclosure obligations, pending

this Court's resolution of this Motion. Judge Smith has stayed the Rhode Island action pending determination of an appropriate forum by this Court. A similar stay in this Court will ensure the status quo as between the Rhode Island and Massachusetts actions, as well as to equalize the relative obligations of the parties while this Court determines the appropriate forum for resolution of this dispute. Judicial economy will also be served by such a stay, since this Court should not be burdened by resolving pre-trial disputes in a matter which may not be resolved by this Court. Those disputes are best left for the Trial Court, in its rulings and determinations regarding the scope of the issues to be tried in this matter.

In further support of this Motion, Narragansett relies upon and incorporates all of the reasons set forth in Narragansett's previously filed "Memorandum in Opposition to Plaintiff's Motion to Enjoin Defendant Narragansett Electric Company from Prosecuting an Action in Rhode Island," as well as in Narragansett's "Surreply To Plaintiff's Motion to Enjoin Rhode Island Action," filed contemporaneously with this Motion.

**WHEREFORE**, Narragansett respectfully requests that this Court (1) transfer venue of this action to the District of Rhode Island; and (2) stay any activity in this matter, including discovery and automatic disclosure obligations, pending resolution of this Motion.

THE NARRAGANSETT ELECTRIC
COMPANY
By its Attorneys,


/s/ Vincent F. O'Rourke, Jr.
Michael P. Angelini (BBO #019340)
Vincent F. O'Rourke, Jr. (BBO #380335)
Kimberly A. Stone (BBO #630952)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
Tel. No.: 508/791-3511

Dated: October 12, 2005


## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for Narragansett conferred with counsel for TransCanada on October 12, 2005 in an effort to resolve the issues presented in this motion and that the parties were unable to reach an agreement.

/s/ Vincent F. O'Rourke, Jr.
Vincent F. O'Rourke, Jr.