UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| TRANSCANADA POWER  MARKETING LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-40076FDS |
| NARRAGANSETT ELECTRIC COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff TransCanada Power Marketing Ltd. ("TransCanada") and Defendant

Narragansett Electric Company ("Narragansett") hereby jointly move this Court to enter a

protective order in this case.   As grounds for this motion, TransCanada and Narragansett state

that both parties are involved in the highly competitive utility industry in New England, and

some of the documents that may be produced in this case may contain confidential and

proprietary information.  Both parties agree that a protective order is needed to govern the

handling and protection of this information.

4031144v1

Accordingly, the parties respectfully request that the Court grant this motion and enter the

proposed protective order, attached hereto as <u>Exhibit A.</u>

<table>
<tr><td></td><td>Jointly submitted,</td></tr>
</table>

| TRANSCANADA POWER MARKETING LTD., | THE NARRAGANSETT ELECTRIC COMPANY, |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Wendy S. Plotkin | /s/ Kimberly A. Stone |
| Daniel C. Winston (BBO #562209) | Michael P. Angelini (BBO #019340) |
| Wendy S. Plotkin (BBO #647716) | Vincent F. O'Rourke, Jr. (BBO #380335) |
| CHOATE, HALL & STEWART LLP | Kimberly A. Stone (BBO #630952) |
| Two International Place | BOWDITCH & DEWEY LLP |
| Boston, MA  02110 | 311 Main Street |
| Tel.: (617) 248-5000 | P.O. Box 15156 |
| Fax: (617) 248-4000 | Worcester, MA 01615 |
| | Tel.: (508) 926-3424 |
| | Fax: (508) 929-3055 |

Dated: January 11, 2006

4031144v1

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| TRANSCANADA POWER  MARKETING LTD., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-40076FDS |
| NARRAGANSETT ELECTRIC COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, in the course of discovery in the above-captioned civil action, it may be

necessary for the parties to disclose trade secrets, proprietary information and other confidential

business information; and

WHEREAS, the parties anticipate exchanging numerous documents and each will

exercise due care to ensure the proper identification and treatment of trade secrets and

proprietary and confidential business information:

IT IS HEREBY ORDERED that this Protective Order pursuant to Fed. R. Civ. P. 26(c)

be entered.

1.      For purposes of this Order, CONFIDENTIAL INFORMATION means all

documents, things, testimony and other information produced, provided or made available by a

party or a non-party to this litigation in the course of formal and informal discovery in this

action, including but not limited to: (a) documents, tangible things, and computer-stored,

magnetically-stored or electronically stored information; (b) responses to requests to produce

1

documents or other things, responses to interrogatories, responses to requests to admit, or other

written responses to formal or informal discovery; (c) affidavits; (d) answers, information, and

documents produced in the course of depositions, including the transcripts of such depositions,

and (e) copies, extracts, summaries, compilations, designations and portions of (a) – (d) above,

that are defined as CONFIDENTIAL INFORMATION in Paragraph 2 below and designated as

such in accordance with Paragraphs 3 and/or 4 below.

2.      "CONFIDENTIAL INFORMATION" means (a) any proprietary or personal

information, document, or thing which the producing party in good faith believes and considers

confidential and maintains as confidential which is not generally known and which the producing

party has not made public and any other information, document, or thing which constitutes a

trade secret or other proprietary business information, and which is subject to protection under

Fed. R. Civ. P. 26 (c)(7); (b) documents provided to governmental authorities or agencies with a

request for protection as trade secret, confidential or similar protection that otherwise satisfy (a)

herein; and (c) data derived from such information, documents, or things, including any

summaries, compilations, quotes or paraphrases thereof.

### Designation of CONFIDENTIAL Information

3.      Any party may designate information as CONFIDENTIAL INFORMATION by

the following means:

a.      Documents Produced by Party or Non-Party Claiming Confidentiality: If a
        producing party claims that a document contains Confidential Information, the
        first page of any such document shall bear the legend ("CONFIDENTIAL")
        identifying that there is Confidential Information contained therein.  In addition,
        each page containing Confidential Information shall bear the legend
        "CONFIDENTIAL."

4029481v2

b.  <u>Responses To Interrogatories, Responses To Requests To Admit, or Other Written Responses to Discovery:</u> As to each specific response for which confidentiality is claimed, the responding party shall designate each such response as "CONFIDENTIAL."  The first page of the responses shall state that the responses contain "CONFIDENTIAL INFORMATION."  A second version of each response to discovery containing Confidential Information shall be created by the tendering party, which shall be redacted of all such Confidential Information and which shall be labeled on the first page "Redacted of Confidential Information."

c.  <u>Affidavits Provided in this Action</u>: As to each specific portion of an affidavit for which confidentiality is claimed, the party tendering the affidavit shall designate each such portion as "CONFIDENTIAL" and shall state on the first page of the affidavit that the affidavit contains "CONFIDENTIAL INFORMATION."  A second version of each affidavit containing Confidential Information shall be created by the tendering party, which shall be redacted of all such Confidential Information and which shall be labeled on the first page "Redacted of Confidential Information."

d.  <u>Answers, Information, and Documents Provided in the Course of Depositions, Including Transcripts of Such Depositions</u>:  As to each specific portion of a deposition for which confidentiality is claimed, the party or non-party claiming confidentiality shall designate each portion as "CONFIDENTIAL."  Such designation shall be made by serving written notice to the other parties and the court reporter designating those portions of the transcript by page reference.  All deposition testimony shall be treated as "CONFIDENTIAL" until the 15th day after the transcript is received from the court reporter.  During the taking of a deposition, any party who believes in good faith that any testimony about to be elicited will contain information that such party will likely designate as "CONFIDENTIAL INFORMATION" may declare the deposition "CONFIDENTIAL," at which time all persons who are not permitted to receive such information shall leave the deposition room while such testimony is being taken.  Moreover, no attorney shall disclose, through questioning or otherwise, any "CONFIDENTIAL" information that any person attending a deposition would not be permitted to receive under the terms of this Order.  If a questioning attorney intends to disclose such information, the attorney shall state his or her intent and request that all persons who are not permitted recipients of such information leave the room for the duration of such disclosure. Each deposition transcript, or any portion thereof, which has been designated as CONFIDENTIAL shall be so identified by the receiving party by affixing thereto the legend "CONFIDENTIAL" as appropriate.

<u>**Inadvertent or Unintentional Production**</u>

4.  Any party that produces information which it inadvertently or unintentionally fails

to designate as "CONFIDENTIAL" may so designate the information by notifying the

3

4029481v2

receiving parties promptly upon discovery of the error.  In addition, the inadvertent production

of information subject to attorney-client privilege or work-product immunity, or the

inadvertent failure to designate information as "CONFIDENTIAL" will not be deemed to

constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or

rights that would otherwise attach to such information.  Any party, permitted expert or

permitted representative  receiving inadvertently produced information will forthwith, upon

request, return the original and all copies to the party producing such information and the

receiving party, permitted expert or permitted representative shall promptly destroy any data or

work papers containing or using the Confidential Information.

### Use and Disclosure of CONFIDENTIAL Information

5.      The parties shall use CONFIDENTIAL INFORMATION only for the purpose of

this litigation.

6.      CONFIDENTIAL INFORMATION shall be disclosed only to the following

persons and entities:

a.      Court personnel;

b.      Court reporters engaged to render reporting services in this action;

c.      Counsel of record, and other counsel employed by counsel of record's law firm(s) who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel;

d.      PERMITTED EXPERTS (as defined in paragraph 7, below), including their employees, assistants, and clerical personnel, subject to the provisions of paragraphs 7,8, and 9, below;

e.      In-house counsel for the parties who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel;

f.      Ten (10)  PERMITTED REPRESENTATIVES for each party (non-attorneys), who will be subject to the requirements of Paragraphs 8 and 9 below; and

4

g.      Any person who it is clear from the face of the particular document that contains CONFIDENTIAL INFORMATION: authored or was a recipient of the document, or it is reasonably clear had access to the document during employment by a party, or predecessors, provided that no copies of the document may be left with that person.

h.      Witnesses at a deposition or at trial, not covered above, who reasonably may have information pertinent about a particular piece of Confidential Information or who whose knowledge about a particular piece of Confidential Information may be pertinent, except that counsel for the producing party may object at a deposition on the grounds that the disclosure would be prejudicial and unwarranted in which case the document at issue will not be shown to the witness until either the parties or the court resolve the objection.

7.      A PERMITTED EXPERT is an independent expert not employed by or associated with a party hereto and whose advice and opinions are being or may be used by a party hereto in connection with consultation for purposes of this action or preparation for trial or trial of this action.

8.      The disclosure of CONFIDENTIAL INFORMATION to the person or entities permitted by this Protected Order shall be limited to the disclosure of reasonably necessary for such person's or entity's activities in connection with this action.

**Certification of Persons to Whom CONFIDENTIAL Information is Disclosed**

9.      Disclosure of CONFIDENTIAL INFORMATION to PERMITTED EXPERTS and PERMITTED REPRESENTATIVES is permitted only after such persons have signed an undertaking in the form attached hereto as Exhibit A, the original copy of which must be retained by the counsel in this action who facilitates disclosure of the information to such persons.

**Filing of CONFIDENTIAL Information**

10.      Any party filing with the Court any motion, brief, exhibit, or other document in this action that incorporates, contains, or discloses the contents of CONFIDENTIAL

5

INFORMATION shall mark such documents in accordance with subparagraph 3 above, and shall file the document under seal, pursuant to Local Rule 7.2.

## Challenges to Designation of CONFIDENTIAL Information

11.     Any party may challenge, at any time, a designation of any information as CONFIDENTIAL INFORMATION.  A challenge may be made by serving written objections to the party asserting the designation.  Counsel shall confer in good faith and use reasonable efforts to resolve any disagreement over whether the information is in fact CONFIDENTIAL.  If after so conferring resolution is not achieved, the challenging party, by motion, may apply to the Court for a ruling that information or material shall not be treated as CONFIDENTIAL.

## Miscellaneous Provisions

12.     A copy of this Order shall be served upon any non-party from which documents or information is sought by a party in connection with this Litigation.  All rights conferred by this Order upon a party are also conferred upon any non-party that produces documents or information in this Litigation.

13.     Nothing in this Order shall preclude any party from seeking a modification of this Order, provided that any modification related to the treatment of CONFIDENTIAL INFORMATION produced or provided by a non-party shall not take place without notice and an adequate opportunity to be heard by such non-party.

14.     Nothing in this Protective Order, nor any action taken in compliance herewith, shall (i) operate as an admission by any party that any particular information is, or is not, CONFIDENTIAL INFORMATION, or (ii) operate as an admission by any party that any particular CONFIDENTIAL INFORMATION, is, or is not, admissible in evidence at the trial or other proceeding in this action.  This Order shall not be construed to require production of

6

documents, tangible things, or information for which any common law or statutory attorney-client privilege, work product immunity, or other privilege or immunity from compelled disclosure is asserted.

15.     Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client, and in the course thereof, relying generally on his or her examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice or otherwise communicating with such client, counsel shall not disclose the actual contents of any document marked as CONFIDENTIAL INFORMATION, except (a) to permitted experts or permitted representatives or (b) pursuant to the procedures otherwise set forth in this Order.

16.     This Order shall survive the termination of this action and the protection afforded by this Order shall remain in effect until limited or terminated by a written agreement of the parties or by an Order of the Court.

17.     Within sixty (60) days after final judgment or decision on final appeal in this action (if an appeal is taken), each party shall return to the producing party all documents and tangible materials, items or things that constitute, compromise or contain CONFIDENTIAL INFORMATION, and shall destroy in whatever form stored or reproduced, all other documents and tangible materials, items or things, including but not limited to, pleadings, correspondence, memoranda, notes and other work-product materials, which contain or refer to CONFIDENTIAL INFORMATION.  All CONFIDENTIAL INFORMATION not embodied in documents or tangible materials, items or things, shall remain subject to this Order.  Notwithstanding the foregoing, counsel of record and in-house counsel shall be entitled to maintain, within their own internal files, a single archival copy of all CONFIDENTIAL INFORMATION furnished by the

7

producing party, and a reasonable number of copies of all transcripts, pleadings and any exhibits introduced at trial of this action. All documents prepared by counsel of record, in-house counsel, or PERMITTED EXPERTS, containing summaries, abstracts or quotations from documents designated by a party as CONFIDENTIAL by this Order, shall be destroyed or kept within the internal files of the counsel of record and in-house counsel for the parties and their PERMITTED EXPERTS.

18.     The restrictions and obligations set forth in the Order relating to CONFIDENTIAL INFORMATION shall not apply to any information which; (i) the parties agree, or the Court rules, is already public knowledge; (ii) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure of the receiving party; or (iii) the parties agree, or the Court rules, has come to the receiving party's legitimate possession independently of the producing party. Nothing in this Order shall abridge or impair any other protective order or ruling by any other Court or governmental agency.

19.     If CONFIDENTIAL INFORMATION in the possession or control of any party in this action is subpoenaed, requested or demanded in another action or proceeding, the party receiving such subpoena, request or demand shall (a) promptly give notice thereof to the party that produced the CONFIDENTIAL INFORMATION, and (b) object to the production of the CONFIDENTIAL INFORMATION by setting forth the existence of this Order. The party asserting the confidentiality designation shall thereafter bear the burden of objecting to or defending against any such subpoena, request or demand.

20.     Neither the provisions of this Order, nor any designation or failure to designate any particular information as CONFIDENTIAL INFORMATION under this Order, shall

constitute a waiver of any party's assertion of confidentiality with respect to any document, tangible thing, or information in any other action or proceeding.

21.    Notwithstanding any other provision of this Order, all of the parties in this action may by joint written agreement designate any document, tangible thing, or information that does not fall into the definitions of CONFIDENTIAL INFORMATION as being confidential and subject to the general protections afforded by this Order.

22.    Nothing in this Order shall prohibit a reference to or summary of CONFIDENTIAL INFORMATION in briefs, motions or memoranda of facts or law filed in this action; provided, however, that the reference to or summary of such CONFIDENTIAL INFORMATION must be classified as and treated as CONFIDENTIAL INFORMATION in accord with this Order.

23.    The provisions of this Protective Order apply to all proceedings in this action, including all appeals, arbitrations, settlement proceedings, and proceedings on remand.

| | |
|---|---|
| TRANSCANADA POWER MARKETING LTD., | THE NARRAGANSETT ELECTRIC COMPANY, |
| By its attorneys, | By its attorneys, |
| /s/ Wendy S. Plotkin | /s/ Kimberly A. Stone |
| Daniel C. Winston (BBO #562209) | Michael P. Angelini (BBO #019340) |
| Wendy S. Plotkin (BBO #647716) | Vincent F. O'Rourke, Jr. (BBO #380335) |
| CHOATE, HALL & STEWART LLP | Kimberly A. Stone (BBO #630952) |
| Two International Place | BOWDITCH & DEWEY LLP |
| Boston, MA  02110 | 311 Main Street |
| Tel.: (617) 248-5000 | P.O. Box 15156 |
| Fax: (617) 248-4000 | Worcester, MA 01615 |
| | Tel.: (508) 926-3424 |
| | Fax: (508) 929-3055 |

9

4029481v2

**SO ORDERED:**

_____
The Honorable F. Dennis Saylor
United States District Judge

Date:_____

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

|  |  |  |
|---|---|---|
| TRANSCANADA POWER  MARKETING LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-40076FDS |
| | ) | |
| | ) | |
| NARRAGANSETT ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**<u>UNDERTAKING OF</u>**

The undersigned, hereby acknowledges that he or she has read the Protective Order

entered in connection with the case of *TransCanada Power Marketing Ltd. v. Narragansett*

*Electric Company*, Civil Action No. 05-40076 FDS, that he or she understand the provisions

prohibiting the disclosure or use of confidential information for any purpose or in any manner

not connection with the prosecution or defense in this case, and that he or she agrees to be bound

by all provisions of the aforesaid Protective Order, and that he or she submits to the jurisdiction

of the Untied States District Court for the District of Massachusetts for the purposes of

enforcement of the undertakings he or she has made herein.

_____
Name:
Title:
Company:

11

4029481v2