UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| TRANSCANADA POWER MARKETING LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> NARRAGANSETT ELECTRIC COMPANY, ) <br> ) <br> Defendant. ) | C.A. No. 05-40076FDS |

**EMERGENCY MOTION TO RESCHEDULE EXPERT REPORT
AND MODIFY SCHEDULING ORDER**

Plaintiff TransCanada Power Marketing Ltd. ("TransCanada") hereby moves, pursuant to L.R. 16.1(G), to modify the Scheduling Order issued by the Court in this case on October 4, 2005, by extending the schedule as follows:

| Event | Current Date | Proposed New Date |
|---|---|---|
| Date for Exchange of Expert Disclosures and Reports | March 31, 2006 | July 15, 2006 |
| Date for Close of Fact Discovery | June 30, 2006 | No change |
| Date for the Completion of Expert Depositions | July 1, 2006 | September 15, 2006 |
| Date for Filing of Dispositive Motions | July 15, 2006 | September 30, 2006 |
| Date for Final Pre-Trial Conference | September 27, 2006 | October 27, 2006 or at Court's convenience |

This Motion is filed on an emergency basis because the current expert disclosure deadline is set for March 31, 2006, and TransCanada has filed a significant Motion to Compel concerning Narragansett Electric Company's ("Narragansett's") incomplete document production that is pending before Magistrate Judge Swartwood. TransCanada proposes an extension of expert

1

discovery dates so that document production may be completed before expert discovery commences.

The current date for expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) is March 31, 2006 and the fact discovery deadline is June 30, 2006. The parties agreed to this schedule, where expert discovery commenced before the close of fact discovery, in an effort to provide expert disclosure and discovery in advance of the time required under Fed. R. Civ. P. 26(2)(C) in order to expedite the resolution of this case. Further, TransCanada proposed and agreed to this schedule, in which expert reports are due March 31, 2006, assuming that Narragansett would comply with its obligations and produce documents responsive to TransCanada's First Set of Document Requests, which were served on August 26, 2005, in a reasonable time, such that discovery relevant to expert testimony could have been reasonably complete by March 31, 2006.

Unfortunately, discovery in this case has been significantly delayed first by a forum dispute well-known to the Court, and more fundamentally by Narragansett's intransigence in responding to discovery and producing the documents relevant to the core issues in this dispute.[1]

At this point, more than six months after TransCanada served its Requests, Narragansett still has not produced the most fundamental documents responsive to TransCanada's Requests. Thus, on February 1, 2006, after months of good faith discovery negotiations with Narragansett and effort on TransCanada's part to accommodate Narragansett's schedule and stated reasons for delay, TransCanada filed a Motion to Compel with this Court. *See* Motion to Compel and Memorandum in Support [Docket Nos. 26 & 27], and Exhibits E and F thereto. In its Motion, TransCanada seeks disclosure from Narragansett of numerous categories of documents that are clearly relevant to this case and to subjects expert testimony yet have not been produced. As set forth in the Motion to Compel, such document include: (1) documents concerning

---

[1] Further, Narragansett has not yet even served discovery requests upon TransCanada.

Narragansett's Standard Offer Service ("SOS") tariffs and fuel adjustment pricing in the EUA Zone, including documents concerning other EUA Zone suppliers, (2) documents concerning the pricing and fuel adjustments applicable to EUA's "backstop" SOS obligation, and (3) documents concerning Narragansett's general use of fuel adjustment provisions in energy supply contracts and retail tariffs.

TransCanada seeks a three-month extension of the commencement of expert discovery so that more fact discovery can be completed prior to expert discovery, since the subject matter and content of expert testimony will be based in part on such discovery. For example, possible subjects of expert testimony may include (a) ordinary trade and contracting practices, and industry custom or understandings, regarding pricing terms for long-term electricity/power supply contracts and specifically the purposes, uses and treatment of fuel adjustment provisions in such contracts; (b) the regulatory role commonly played by the retail distribution company to file tariffs for the benefit of power suppliers to enact fuel adjustments and other price terms; and (c) reasonable industry expectations of fuel triggers in SOS supply contracts based on Rhode Island's regulatory history. *See, e.g., Den Norske Bank v. First National Bank of Boston*, 75 F.3d 49, 57 (1st Cir. 1996). Narragansett has refused to produce whole categories of documents that would be relevant both to a determination of the appropriate subjects of expert testimony, as well as to the substance of such testimony, such as documents relating to Narragansett's own customs and practices relating to fuel adjustment factors, filing of retail tariffs, and the context of the WSOS Agreement in EUA/Narragansett's restructuring. *See* Memorandum in Support of Motion to Compel at 6-14. *See also e.g., Den Norske* 75 F.3d at 57, 59 n. 11 (approving expert testimony relying in part on the parties own practices). These are documents uniquely within Narragansett's possession. While certain portions of expert testimony will no doubt be based on

the expert's own industry experience, the experts should have the opportunity to review all relevant evidence once that evidence is made available to both parties, as well as address the presence or absence of documents that confirm or contradict the application of custom in this case.  Finally, Narragansett should not be permitted to gain a litigation advantage through its refusal to produce discovery.

In sum, TransCanada requests, based on discovery to date, a three-month delay in commencement of expert discovery so that expert discovery be moved after the close of fact discovery.  This proposed schedule is the more customary fact and expert discovery schedule, and will allow expert discovery on a full record, without an advantage to either side.[2]

TransCanada first contacted Narragansett with proposed dates on February 23, 2006 in an attempt to reach agreement on TransCanada's request for an extension of the expert disclosure and discovery deadlines, but the parties were not able to come to an agreement.

**WHEREFORE**, TransCanada respectfully requests that this Court amend its Scheduling Order as follows:

| Event | Current Date | Proposed New Date |
|---|---|---|
| Exchange of Expert Disclosures and Reports | March 31, 2006 | July 15, 2006 |
| Extend the Date for the Completion of Expert Depositions | July 1, 2006 | September 15, 2006 |
| Extend the Date for Filing of Dispositive Motions | July 15, 2006 | September 30, 2006 |
| Extend the Date for Final Pre-Trial Conference | September 27, 2006 | October 27, 2006 or at Court's convenience |

Respectfully submitted,

TRANSCANADA POWER MARKETING LTD.,

By its attorneys,

---

[2] TransCanada does not believe the fact discovery deadline should be extended at this point in order to keep the case moving and put appropriate pressure on the parties to produce documents and schedule and conduct depositions.

4

|  |  |
|---|---|
|  | /s/ Wendy S. Plotkin |
|  | Daniel C. Winston (BBO#562209) |
|  | Wendy S. Plotkin (BBO#647716) |
|  | Dara Y. Zelnick (BBO #660256) |
|  | CHOATE, HALL & STEWART LLP |
|  | 2 International Place |
|  | Boston, MA  02110 |
|  | Telephone No.:  (617) 248-5000 |
| Dated: March 9, 2006 | Fax No.:  (617) 248-4000 |

CERTIFICATE PURSUANT TO LOCAL RULES 7.1

I certify that counsel for TransCanada contacted and conferred with counsel for Narragansett from February 23, 2006 to March 6, 2006 in an effort to resolve the issues presented in this motion and that the parties were unable to reach an agreement.

/s/ Wendy S. Plotkin
Wendy S. Plotkin

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 9, 2006.

/s/ Wendy S. Plotkin
Wendy S. Plotkin

4046259v1