UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

Civil Action No. 05-40076-FDS

|  |  |
|---|---|
| TRANSCANADA POWER MARKETING LTD., ) ) Plaintiff, ) ) v. ) ) THE NARRAGANSETT ELECTRIC COMPANY, ) ) Defendant. ) | (Michael P. Angelini, #019340) (Vincent F. O'Rourke, Jr., #380335) (Kimberly A. Stone, # 630952) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S "EMERGENCY MOTION TO RESCHEDULE EXPERT REPORT AND MODIFY SCHEDULING ORDER" AND EMERGENCY CROSS-MOTION FOR MODIFICATION OF SCHEDULING ORDER**

Defendant Narragansett Electric Company ("Narragansett") hereby opposes the "Emergency" Motion filed by TransCanada Power Marketing Ltd. ("TransCanada") to modify the Scheduling Order issued by the Court in this matter. As grounds therefore, Narragansett maintains that TransCanada's Motion does not sufficiently modify the Scheduling Order to practically encompass the fact discovery which remains in this matter, which includes TransCanada's stated expectation to conduct fifteen (15) depositions, plus Narragansett's own depositions, within the next three months. Instead, Narragansett requests that the Scheduling Order be amended, as follows:

| Event | Current Date | Proposed New Date |
|---|---|---|
| Exchange of Expert Disclosures and Reports | March 31, 2006 | July 15, 2006 |
| Exchange of Rebuttal Expert Reports | None | August 1, 2006 |
| Close of Fact Discovery | June 30, 2006 | August 31, 2006 |
| Completion of Expert Depositions | June 30, 2006 | September 15, 2006 |
| Filing of Dispositive Motions | July 15, 2006 | September 30, 2006 |
| *Final Pre-Trial Conference* | *September 27, 2006* | *October 27, 2006* |

As an initial matter, TransCanada's Motion is replete with misstatements, mischaracterizations and misinformation, which Narragansett has repeatedly - both orally and in writing - notified TransCanada are inaccurate. For instance, TransCanada's repeated insistence that Narragansett has been in any way "intransient" and that Narragansett "still has not produced the most fundamental documents responsive to TransCanada's request" is completely and utterly untrue. As indicated orally and in writing to counsel for TransCanada, and as outlined in detail in Narragansett's Opposition to TransCanada's pending Motion to Compel, Narragansett has produced every last page of the most pertinent documents in this dispute, and has produced virtually all of its responsive documents.[1] The fact that Narragansett has, in good faith, "not yet even served discovery requests upon TransCanada" has nothing whatsoever to do with TransCanada's Motion to Compel or TransCanada's current Motion seeking to change the agreed upon Scheduling Order in this matter.[2]

That being said, Narragansett will not endeavor to correct each and every misstatement in TransCanada's current Motion, but will instead focus upon the substance of the Motion and the merits of altering the Scheduling Order in this matter. As indicated to TransCanada's counsel prior to the filing of this Motion, Narragansett would be amenable to such a request, as long as the date for close of fact discovery was also moved by a minimal time period such as two months. While TransCanada's characterizations of discovery are inaccurate and seeped with

---

[1] Narragansett has but one additional production left in its rolling document production in response to TransCanada's overly broad document requests, and most of even these documents are simply additional public records. It is expected that TransCanada will be in possession of electronically organized copies of this last set of documents on or before March 20, 2006.

[2] As Narragansett indicated both to counsel and to this Court via its Opposition to TransCanada's Motion to Compel, TransCanada ensured that it would be the first party to serve discovery when it did so together with the service of its complaint in this matter. Narragansett purposefully waited in serving discovery requests until the bulk of its production obligations were complete, acting in good faith to avoid a protracted argument with TransCanada over any alleged primacy rights in discovery. That Narragansett's good faith approach to its own discovery is now being held up by TransCanada in some attempt to paint Narragansett as dilatory is beyond disingenuous.

2
05-40076-FDS

zealous advocacy, the underlying point of TransCanada's statement that the parties are still squarely engaged in fact discovery in this matter is valid and appropriate. TransCanada's Motion to Compel is pending, the last responsive documents from Narragansett are set to be delivered shortly, more documents will need to be identified, located and produced by Narragansett if TransCanada is successful on any part(s) of its pending Motion to Compel, and Narragansett is about to serve its own interrogatories and document requests upon TransCanada. This discovery alone will entail a substantial amount of work over the three months which are left for fact discovery under the current Scheduling Order.

On top of these obligations, the parties have yet to begin depositions in this matter. Simply put, there are seventy-eight (78) business days between now and the current close of fact discovery on June 30, 2006. In the parties' Joint Statement pursuant to Local Rule 16.1, TransCanada indicated that it reserved the right to take fifteen (15) depositions. TransCanada has not altered from this position, despite a recent request from counsel for Narragansett to address global discovery planning. If TransCanada adheres to that position and Narragansett takes even five of its own depositions, the parties would be facing the prospect of trying to take, defend and prepare for <u>twenty depositions over the next seventy-eight business days</u>. That would mean that more than half of the remaining business days would have to be spent on depositions in this matter alone, on top of the parties' remaining written discovery obligations. Narragansett doubts that this is practical or even possible, given the ordinary course of litigation scheduling and other court and client demands.

Narragansett does not believe that this dispute is appropriate for expert testimony,[3] such that an extension of the time for designation of experts is unnecessary. However, as Narragansett informed TransCanada prior to the filing of its Emergency Motion, Narragansett remains prepared to assent to an extension of time for expert disclosures and expert discovery, provided that fact discovery is also extended by a period of two months. Moreover, it is worth noting that Narragansett's proposal does not delay a final pre-trial conference in this action any longer than does TransCanada's proposal.

**WHEREFORE**, Narragansett respectfully requests that this Court <u>deny</u> TransCanada's Emergency Motion to Reschedule Expert Report and Modify Scheduling Order, and <u>allow</u> Narragansett's Emergency Cross-Motion for Modification of Scheduling Order, amending the Scheduling Order so that all parties will have ample time to complete their fact discovery and the parties will not need to seek further Court intervention when the current factual discovery deadline proves to be impractical.

THE NARRAGANSETT ELECTRIC COMPANY
By its Attorneys,

/s/ Kimberly A. Stone
Michael P. Angelini (BBO#019340)
Vincent F. O'Rourke, Jr. (BBO#380335)
Kimberly A. Stone (BBO#630952)
Bowditch & Dewey, LLP
311 Main Street. P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511
mangenlini@bowditch.com
vorourke@bowditch.com
kstone@bowditch.com

Dated: March 9, 2006

---

[3] Narragansett maintains that this is a relatively straight-forward contract dispute, in which the parties disagree as to the obligations incurred as a result of a clause in a contract negotiated and executed between the parties. It is Narragansett's position that this Court is more than capable to interpret this contract provision, without assistance from any alleged "expert" brought in by TransCanada. However, Narragansett reserves its objection to such testimony until such time as TransCanada actually designates an alleged expert.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 9, 2006.

/s/ Kimberly A. Stone
Kimberly A. Stone, Esq.