UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| TRANSCANADA POWER MARKETING LTD., <br><br> Plaintiff, <br><br> v. <br><br> NARRAGANSETT ELECTRIC COMPANY, <br><br> Defendant. | C.A. No. 05-40076FDS |

**COUNTERCLAIM ANSWER**

Plaintiff and counterclaim-defendant TransCanada Power Marketing, Ltd. ("TransCanada") hereby answers the Counterclaim of defendant and counterclaim-plaintiff Narragansett Electric Company ("Narragansett"), as follows:

1. TransCanada admits the allegations contained in paragraph 1 of the Counterclaim, upon information and belief.

2. TransCanada admits the allegations contained in paragraph 2 of the Counterclaim.

3. TransCanada admits the allegations contained in paragraph 3 of the Counterclaim.

4. TransCanada is without information sufficient to form a belief as to the factual allegations of paragraph 4 of the Counterclaim, and further states that the second sentence sets forth a conclusion of law to which no response is required.

5. TransCanada admits the allegations contained in paragraph 5 of the Counterclaim.

6. TransCanada is without information sufficient to form a belief as to whether Montaup was a "wholesale" supplier to Blackstone, Newport and Eastern. TransCanada admits

the remaining allegations contained in paragraph 6 of the Counterclaim, upon information and belief.

7. Paragraph 7 sets forth conclusions of law to which no response is required.

8. TransCanada states that the referenced agreements speak for themselves, but admits the remaining allegations contained in paragraph 8 of the Counterclaim.

9. TransCanada answers paragraph 9 by stating that the WSOS Agreement speaks for itself.

10. TransCanada answers paragraph 10 by stating that the WSOS Agreement speaks for itself.

11. TransCanada answers paragraph 11 by stating that the WSOS Agreement speaks for itself.

12. TransCanada answers paragraph 12 by stating that Blackstone's and Newport's Commission-approved retail standard offer service tariffs speak for themselves.

13. TransCanada admits the allegations contained in paragraph 13 of the Counterclaim, upon information and belief.

14. TransCanada answers the first sentence of paragraph 14 by stating that the WSOS Agreement speaks for itself. TransCanada answers the second sentence of paragraph 14 by stating that it is vague, and that the pleadings in this action speak for themselves.

15. TransCanada states that Order No. 16200 speaks for itself, and admits, upon information and belief, the allegations contained in the second sentence of paragraph 15.

16. TransCanada answers paragraph 16 by admitting that it received a facsimile and enclosure from a Narragansett representative on or around February 8, 2000. These documents speak for themselves.

17.     TransCanada admits that there was brief discussion about certain subjects in the facsimile received on or around February 8, 2000, and that TransCanada subsequently received a letter dated April 18, 2000. TransCanada is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17.

18.     TransCanada answers paragraph 18 by stating that the transcript of the proceeding held in June, 2000, in Docket No. 3138, speaks for itself.

19.     TransCanada answers paragraph 19 by stating that the transcript of the proceeding held on May 28, 2003, in Docket No. 3508, speaks for itself.

20.     TransCanada admits, upon information and belief, that Narragansett made a filing with the Rhode Island Public Utilities Commission in November, 2003, and states that such filing speaks for itself.

21.     TransCanada admits, upon information and belief, that Narragansett made a filing with the Rhode Island Public Utilities Commission on or around July 1, 2004, and states that such filing speaks for itself. Any other allegations in paragraph 21 are denied.

22.     TransCanada admits that the Commission issued a written Order dated August 26, 2004, and states that the Order speaks for itself. TransCanada is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22.

23.     TransCanada admits, upon information and belief, that Narragansett made a filing with the Rhode Island Public Utilities Commission on or around November 10, 2004, and admits that the Commission issued a written Order dated February 17, 2005. The filing and Order speak for themselves. TransCanada is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23.

24. TransCanada admits that Narragansett did not make a timely FAF payment to TransCanada for the month beginning January 1, 2005. Any other allegations in paragraph 24 are denied.

25. TransCanada is without information sufficient to form a belief as to the truth of the factual allegations of paragraph 25. Paragraph 25 otherwise sets forth conclusions of law to which no response is required.

26. TransCanada denies the allegations of paragraph 26 of the Counterclaim.

27. TransCanada admits that it sent a letter to Narragansett on March 1, 2005. TransCanada further answers paragraph 27 by stating that the letter speaks for itself.

28. TransCanada denies the allegations of paragraph 28 of the Counterclaim.

29. TransCanada denies the allegations of paragraph 29 of the Counterclaim.

30. TransCanada denies the allegations of paragraph 30 of the Counterclaim.

31. TransCanada denies the allegations of the first sentence of paragraph 31 of the Counterclaim. TransCanada further answers by stating the WSOS Agreement speaks for itself.

32. TransCanada denies the allegations of paragraph 32 of the Counterclaim.

33. TransCanada admits that Narragansett has made payment to TransCanada of $921,827.46 related to the FAF for the period of January 1, 2005 through March 31, 2005. TransCanada denies any other allegations contained in paragraph 33 of the Counterclaim.

34. TransCanada denies the allegations of paragraph 34 of the Counterclaim.

COUNT I
(BREACH OF CONTRACT)

35. TransCanada repeats and incorporates herein by reference its answers to paragraphs 1 through 34 of the Counterclaim as if fully set forth herein.

36. TransCanada denies the allegations of paragraph 36 of the Counterclaim.

## COUNT II
## (DECLARATORY JUDGMENT)

37.  TransCanada repeats and incorporates herein by reference its answers to paragraphs 1 through 36 of the Counterclaim as if fully set forth herein.

38.  TransCanada denies the allegations of paragraph 38 of the Counterclaim.

## COUNT III
## (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

39.  TransCanada repeats and incorporates herein by reference its answers to paragraphs 1 through 38 of the Counterclaim as if fully set forth herein.

40.  TransCanada denies the allegations of paragraph 40 of the Counterclaim.

Except as expressly admitted above, TransCanada denies all remaining allegations of the Counterclaim.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

The Counterclaim fails to state a claim upon which relief can be granted.

Second Affirmative Defense

Narragansett is barred from recovery by its own breaches of contract.

Third Affirmative Defense

Narragansett is estopped from asserting its claims.

Fourth Affirmative Defense

Narragansett has waived its claims.

4188874v1

Respectfully submitted,

TRANSCANADA POWER MARKETING LTD.,

By its attorneys,


/s/ Dara Z. Kesselheim
Daniel C. Winston (BBO#562209)
Wendy S. Plotkin (BBO#647716)
Dara Z. Kesselheim (BBO#660256)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02114
Tel.: (617) 248-5000
Fax: (617) 248-4000


Date:  March 23, 2007


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 23, 2007.

/s/ Dara Z. Kesselheim
Dara Z. Kesselheim

4188874v1