UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

Civil Action No. 05-40076FDS

|  |  |
|---|---|
| TRANSCANADA POWER MARKETING LTD. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE NARRAGANSETT ELECTRIC COMPANY | ) ) ) |
| Defendant. | ) ) |

### THE NARRAGANSETT ELECTRIC COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER

Defendant The Narragansett Electric Company ("Narragansett") submits this memorandum of law in support of its Motion for Leave to File Amended Answer. In its proposed amendment, Narragansett seeks to add only one additional affirmative defense ("Third Affirmative Defense") to the Answer.[1] The sole effect of the proposed Third Affirmative Defense is to more clearly set forth Narragansett's invocation of the statute of frauds, which had been implicitly raised in its Second Affirmative Defense contained in its previous Answers. The addition of the Third Affirmative Defense is submitted in good faith and will not lead to prejudicial or undue delay. For these reasons, Narragansett requests that its Motion for Leave to File Amended Answer be allowed.

---

[1] A copy of Narragansett's proposed Amended Answer and Counterclaim is attached as Exhibit 1 to its Motion for Leave to Amend Answer. The Counterclaim has previously been asserted and Narragansett is not seeking leave to amend it.

## Procedural History

On or about May 17, 2005, Plaintiff, TransCanada Power Marketing Ltd. ("TransCanada"), filed its Complaint in the above-captioned action. Narragansett timely filed its Answer and Counterclaim on or about June 7, 2005. Narragansett's Answer included the following Second Affirmative Defense:

### SECOND AFFIRMATIVE DEFENSE

> The Amended Complaint fails to state a claim for Breach of Contract, Contractual Indemnification, or Breach of the Implied Covenant/Good Faith and Fair Dealing because the documents relied upon to support these claims do not establish an obligation to pay or seek approval of a Fuel Adjustment Factor after 2004, or to indemnify or reimburse TransCanada under Section 8(3).

On or about February 20, 2007, TransCanada filed its Motion for Leave to File Amended Complaint. Narragansett did not oppose this motion and it was granted on March 2, 2007. TransCanada served its Amended Complaint on Narragansett on or about March 7, 2007.

On March 19, 2007, Narragansett timely filed and served its Answer and Counterclaim in response to the Amended Complaint. Narragansett's Answer included the following Second Affirmative Defense:

### SECOND AFFIRMATIVE DEFENSE

> The Amended Complaint fails to state a claim because the documents relied upon to support these claims do not establish an obligation to pay or seek approval of a Fuel Adjustment Factor after 2004, or to indemnify or reimburse TransCanada under Section 8(3).

On March 23, 2007, TransCanada filed and served its Counterclaim Answer in response to Narragansett's Counterclaim.

Narragansett now seeks to amend its Answer to the Amended Complaint in order to add a single affirmative defense, the Third Affirmative Defense, explicitly invoking the statute of frauds.  The proposed Third Affirmative Defense states:

### THIRD AFFIRMATIVE DEFENSE

> TransCanada's claims are barred in whole or in part by the applicable statute of frauds, M.G.L. c. 259, §1.

The Third Affirmative Defense simply amplifies the statements in Narragansett's two previous Second Affirmative Defenses, which implicitly raised the defense of the statute of frauds

**Argument**

Fed. R. Civ. P. 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires."   Allowance of Narragansett's proposed amendment is consistent with the spirit of the Federal Rules, which favors deciding controversies on the merits, rather than on the technicalities of pleadings.  See Foman v. Davis, 371 U.S. 178, 182 (1962), see also Martin v. Sands, 62 F. Supp. 2d 196, 198 (D. Mass. 1999).

Narragansett's proposed Third Affirmative Defense would not be futile and will not lead to prejudice or undue delay.  See Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996).  The Amended Answer merely clarifies the previously filed Second Affirmative Defense by explicitly invoking the statute of frauds.  Because the Second Affirmative Defense implicitly raised the defense of the statute of frauds, amendment of the Answer will not require the re-opening of discovery or any change in TransCanada's trial strategy.  See id.

Moreover, Narragansett has not delayed in bringing this motion.  It brings its Motion for Leave to Amend Answer only five (5) days after TransCanada filed its Counterclaim Answer and only nine (9) days after it filed the Answer it now seeks to amend.  Because Narragansett has promptly moved to amend its Answer and because TransCanada was on notice of the defense of

the statute of frauds by means of Narragansett's Second Affirmative Defense in its prior pleadings, TransCanada will not be prejudiced by allowance of the Motion to Amend Answer. See Martin, 62 F. Supp. 2d at 198.

WHEREFORE, The Narragansett Electric Company requests that this Court allow its Motion for Leave to File Amended Answer.

THE NARRAGANSETT ELECTRIC COMPANY
By its Attorneys,

/s/ Vincent F. O'Rourke, Jr.
Michael P. Angelini (BBO#019340)
Vincent F. O'Rourke, Jr. (BBO#380335)
Bowditch & Dewey, LLP
311 Main Street. P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: March 28, 2007

### CERTIFICATE OF SERVICE

I, Vincent F. O'Rourke, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 28th day of March, 2007.

/s/ Vincent F. O'Rourke, Jr.
Vincent F. O'Rourke, Jr.
