UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

|  |  |
|---|---|
| TRANSCANADA POWER MARKETING LTD., ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-40076FDS |
| THE NARRAGANSETT ELECTRIC COMPANY, ) | |
| Defendant. ) | |

**JOINT MOTION AND STIPULATION OF THE PARTIES
REGARDING DISCOVERY MATTERS**

1. Plaintiff TransCanada Power Marketing, Ltd. ("TransCanada") and Defendant Narragansett Electric Company ("Narragansett") file this Stipulation to attempt to resolve pending issues concerning the extent of review of electronic and other materials conducted in this case by Narragansett.

2. Although Narragansett has produced a large volume of documents in this case, based on information obtained during some recent depositions, TransCanada requested that a further review of certain electronic files be performed. Narragansett performed this review and supplemented its production with a number of documents. This supplemental production and subsequent discussions about the scope of responsive documents has caused TransCanada to continue to have concerns about the completeness of Narragansett's production, especially with regard to electronic files of certain individuals concerning certain categories of electronic documents.

4206716v2
4208062v1

3. In order to attempt to resolve this disagreement without motion practice and to ensure that Narragansett's production fully satisfies its obligations, the parties have agreed that Narragansett will conduct a further review of electronic files of specific individuals on specific topics, and of certain other files.

4. The parties further agree that this review will be conducted by Narragansett in accord with a discovery plan agreed by the parties and attached to this stipulation (and as such discovery plan may be later amended by agreement of the parties).

5. Pursuant to the Original Scheduling Order issued by the Court on October 4, 2005, the parties hereby agree that the date for the close of factual discovery related to the subject of this Stipulation, and the deadline for any related motions, shall be extended 30 days from May 4, 2007 to June 4, 2007.

6. The parties agree that Narragansett's production must be completed within 21 days of this Stipulation, by May 25, 2007. Narragansett shall produce its privilege log by May 30, 2007.

7. The parties are not otherwise seeking to change the existing Scheduling Order in this case.

Respectfully submitted,

THE NARRAGANSETT ELECTRIC COMPANY
By its Attorneys,

/s/ Vincent F. O'Rourke, Jr.
Michael P. Angelini (BBO#019340)
Vincent F. O'Rourke, Jr. (BBO#380335)
BOWDITCH & DEWEY, LLP
311 Main Street. P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

        TRANSCANADA POWER MARKETING LTD.
        By its Attorneys,


        /s/ Wendy S. Plotkin
        Daniel C. Winston (BBO#562209)
        Wendy S. Plotkin (BBO# 647716)
        Dara Zelnick Kesselheim (BBO#660256)
        CHOATE, HALL & STEWART LLP
        Two International Place
        Boston, MA 02110
        (617) 248-5000

Dated: May 4, 2007


## CERTIFICATE OF SERVICE

    I, Wendy S. Plotkin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 4th day of May, 2007.


        /s/ Wendy S. Plotkin
        Wendy S. Plotkin

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

Civil Action No. 05-40076FDS

| | |
|---|---|
| TRANSCANADA POWER MARKETING LTD. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE NARRAGANSETT ELECTRIC COMPANY | ) ) |
| Defendant. | ) ) |

**SUPPLEMENTAL DISCOVERY PLAN**

Plaintiff TransCanada Power Marketing, Ltd. ("TransCanada") and Defendant Narragansett Electric Company ("Narragansett") agree to this Supplemental Discovery Plan, filed along with the Stipulation of the Parties Regarding Discovery Matters. This Supplemental Discovery Plan is meant to set forth in detail the steps that Narragansett agrees to take to perform a complete document search that ensures that all documents responsive to certain categories in TransCanada's First Request for Production of Documents, as interpreted by the court's Opinion and Order dated August 17, 2006, are produced. Any capitalized term shall have the same meaning ascribed to such term in the Opinion and Order referenced above. The parties both reserve their rights to supplement or alter this Discovery Plan as necessary and to seek relief from the Court if agreement cannot be reached.

The Supplemental Discovery Plan is as follows:

4208011_1.DOC

1. Narragansett shall conduct a thorough search for documents[1] responsive to the following requests, as interpreted and outlined by the Opinion and Order (grouped below pursuant to subject matter):

- Request No. 4
- Request Nos. 5 & 12
- Request No. 6
- Request Nos. 12, 16 & 28
- Request Nos. 15 & 18
- Request Nos. 19, 20, 22, 33, 34
- Request No. 36

2. Unless otherwise agreed by the parties, this search shall be conducted for the time period January 1, 1996 through May 1, 2005, except with respect to Request Nos. 15 & 18, which shall extend to the present.

3. In conducting the search for documents relating to the "EUA Zone", Narragansett shall not deem a document non-responsive solely because it relates to both the "EUA Zone" and the "Old Narragansett Zone" or to Rhode Island generally. Narragansett may deem a document non-responsive with respect to the "EUA Zone" solely if it concerns the "Old Narragansett Zone" only. If a document relates to Rhode Island generally, it relates to the EUA Zone.

4. Narragansett shall not withhold documents as "duplicative" unless those documents are exact copies of other documents already produced. If documents are not in the exact form in which they were previously produced (e.g. earlier drafts of publicly filed documents), they shall be produced.

5. Unless otherwise agreed by the parties, Narragansett shall search the electronic files of the following individuals and departments who are likely to have responsive documents.

---

[1] Unless otherwise stated, the word "documents" used herein shall mean electronic records and paper records deemed unresponsive in prior productions. Narragansett will certify in writing that it has conducted a diligent search of paper files, and will produce any responsive paper documents not previously produced as set forth herein.

4208011_1.DOC

If additional individuals or departments are discovered, these files shall also be searched. For individuals, this shall include all potentially responsive files[2] contained in individual email folders, personal storage files (including spreadsheet and "word" databases), and any shared drives they regularly access. For departments, this shall include all potentially responsive files in any departmental shared drives and electronic central filing systems, as well as any department wide electronic mail accounts.

    A.    **Departments.**

- Energy Supply
- Rates/Legislative Affairs

    B.    **Individuals.**

- Michel Hager
- Jeanne Lloyd
- John Warshaw
- Dianne Pickett
- James Molloy
- James Bonner
- Theresa Burns
- Timothy Brennan
- Ronald Gerwatowski
- Terry Schwennesen

6.    Narragansett shall also identify and conduct a search of any potentially responsive email and other electronic files of the EUA Companies that are in Narragansett's possession (such files shall include any and all electronic files of the EUA Departments involved with: Rates, Energy Supply, Legislative Affairs and Resource Management.) Such a search shall include review of all emails files and accounts of the following:

---

[2] "Potentially responsive files" as used throughout this Stipulation shall mean all files except those that are expressly limited to a subject matter which would clearly exclude potentially responsive documents. All general files, and all files unlabeled as to a particular subject matter which would clearly exclude responsive documents must be searched.

4208011_1.DOC

- Michael Hirsh
- Dennis St. Pierre
- Lawrence Boisvert
- Kevin Kirby
- Robert Clarke
- James Bonner
- Peter Fuller
- Edward Kremzier
- Donald Ryan
- Robert Powderly
- Mark Sorgman
- Jeanne Lloyd

7. If Narragansett is in possession of electronic files of EUA and is unable to access those files for some technical reason, Narragansett shall inform TransCanada immediately so the parties can work together to determine whether it is possible to access the electronic files in question.

8. The following search terms shall be used for searches of Narragansett electronic files:[3]

- Standard Offer Service
- SOS, WSOS
- Wholesale Standard Offer Service Agreement, WSOSA
- FAF
- SOSFA
- fuel adjustment, fuel trigger, fuel adder, fuel index
- EUA, Eastern Utilities Associations, EUA Zone
- URA
- TransCanada
- Hirsh, Boisvert, Clarke, St. Pierre, Powderly, Kremzier, Kirby, Fuller, Ryan
- Pourbaix, Taylor, Hachey, Schuler, McMaster
- Quinn, Wright, Jensen
- Scialabba, Roberti, Wilson, Stearns, Effron

9. The following search terms shall be used for searches of EUA electronic files:

---

[3] While the primary search will use agreed search terms, Narragansett will use reasonable efforts to identify and produce attachments and other related material and emails s likely to contain responsive information that nevertheless may not include the search term(s).

4208011_1.DOC

- Standard Offer Service
- SOS, WSOS
- Wholesale Standard Offer Service Agreement, WSOSA
- fuel adjustment, fuel trigger, fuel adder, fuel index
- backstop
- URA
- TransCanada
- Pourbaix, Taylor, Hachey, Schuler, McMaster
- Hager, Molloy, Schwennessen
- Scialabba, Roberti, Wilson, Stearns, Effron

10. The parties recognize that certain categories of documents that are technically responsive to these Requests may, at this point in the case, no longer further the fact gathering process and that it may not be necessary for Narragansett to bear the burden of producing such documents. To this end, Narragansett agrees promptly to identify any such proposed categories of documents and the parties agree to work collaboratively to agree which categories of documents need not be produced. Examples of such categories of documents include documents concerning Narragansett/NEP's backstop obligations; documents related to so-called "stranded costs" and documents related to the 2005 proposed settlement agreement between TransCanada, Narragansett and Constellation (except to the extent that communications with Constellation during the settlement reflect discussions between Constellation and Narragansett about its original EUA contracts as written). Narragansett agrees to identify all such categories of documents by May 11, 2007, reserving its right to supplement upon reasonable excuse. Notwithstanding any agreement of non-production in accordance with this paragraph, TransCanada reserves the right to demand production upon receipt of other documents, evidence or information that reveals that production of any particular category of such documents is needed or appropriate.

4208011_1.DOC