UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| TRANSCANADA POWER MARKETING LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-40076FDS |
| | ) | |
| NARRAGANSETT ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR CLARIFICATION AND WITHDRAWAL OF COURT'S MARCH 26, 2008 MEMORANDUM AND ORDER

Narragansett Electric Company ("Narragansett") and TransCanada Power Marketing LTD. ("TransCanada") file this Memorandum in support of their Joint Motion requesting this Court to clarify and withdraw its March 26, 2008 Memorandum and Order on Cross Motions for Summary Judgment ("the March 26 Memorandum"). The Court entered the March 26 Memorandum on a preliminary basis as it explicitly contemplated additional judicial action, which would finalize the impact of the March ruling. See March 26 Memorandum, p. 22 ("The Court will grant summary judgment…but in a form to be determined consistent with this opinion…"). The March 26 Memorandum in itself is not appealable and did not establish a specific schedule. As a result, it provided the parties with an opportunity to contemplate their options, including settlement.

The parties reacted accordingly. Subsequent to the March 26 Memorandum, the parties engaged in settlement discussions and ultimately entered into a binding settlement agreement. This settlement yielded efficiencies in the expenditure of the parties' and the Court's resources. By settling this matter, the parties avoided a potentially lengthy and time-consuming trial concerning the issues not resolved by this Court's Memorandum, which would have consumed substantial resources of this Court and would likely have ultimately resulted in a lengthy appeal process. In addition, the settlement provided benefits to the Rhode Island electric consumers and was affirmatively approved by the Rhode Island Public Utilities Commission. Overall, therefore, the Court's provisional order catalyzed the parties to secure a just, reasonable and efficient resolution to this litigation. The parties believe they acted reasonably under the circumstances, and consistent with the Court's order in settling the matter.

A third party, Constellation Energy Commodities Group, Inc. ("Constellation"), now seeks to use the March 26 Memorandum in litigation entitled *Constellation Energy Commodities Group, Inc. v. The Narragansett Elec. Co., No. 08-40068FDS (D. Mass.)*. Narragansett anticipates that Constellation will seek offensive use of non-mutual collateral estoppel to apply the Court's preliminary TransCanada order preclusively.

Narragansett believes that Constellation's anticipated usage of the March 26 Memorandum is inconsistent with this Court's order. Such usage unfairly prejudices Narragansett as a result of its willingness to settle this action rather than preserve and pursue its rights of reconsideration and appeal. While defenses exist to Constellation's anticipated usage, both as a matter of law and on very different facts, additional considerable resources could be preserved in Constellation's new litigation if the Court were to withdraw the March 26

Memorandum in its entirety and clarify that the Memorandum was preliminary and, therefore, shall not have preclusive effects on other matters.

The entry of the requested order is appropriate under the present circumstances. The more "traditional" vacatur option is not available here because the March 26 Memorandum is not a final judgment. By settling this matter, Narragansett has foregone its ability to seek reconsideration of this Court's Order upon entry of the Court's partial summary judgment "in a form to be determined consistent with [the Memorandum]," Memorandum, p.22, or to obtain appellate review of this Court's interpretation of the language of the controlling statutes and contracts after the entry of a final judgment. Although this Court's Memorandum did not constitute a final appealable judgment because it did not finally dispose of the issues and left significant issues for future resolution or trial, see 11 Moore's Federal Practice 56.41(2) (b) at 56-336 (Matthew Bender 3d. Ed.), this Court's ruling may have an impact on the interpretation of similar contracts. We thus request that the Court clarify or reconsider, and withdraw, the March 26 Memorandum in its entirety and specifically state that the Court's Memorandum shall have no further preclusive effect on any other matter or proceeding.

## CONCLUSION

For the reasons stated herein, the parties respectfully request that this Court (1) enter an order withdrawing the March 26 Memorandum and Order on Cross Motions for Summary Judgment and clarifying that the Memorandum and Order was not intended to have preclusive

effect, and, upon issuing a ruling on that request, (2) dismiss this case with prejudice and with each party bearing its own fees and costs and waiving all rights of appeal.

| NARRAGANSETT ELECTRIC COMPANY, By Its Attorneys, | TRANSCANADA POWER MARKETING LTD, By Its Attorneys |
|---|---|
| /s/ Vincent F. O'Rourke, Jr. | /s/ Daniel C. Winston |
| Michael P. Angelini (BBO# 019340) | Daniel C. Winston (BBO# 562209) |
| Vincent F. O'Rourke, Jr. (BBO# 380335) | Wendy S. Plotkin (BBO# 647716) |
| Daniel P. Flynn (BBO# 655180) | Dara Z. Kesselheim (BBO# 660256) |
| BOWDITCH & DEWEY, LLP | CHOATE, HALL & STEWART LLP |
| 311 Main Street | Two International Place |
| P. O. Box 15156 | Boston, MA 02110 |
| Worcester, MA 01615-0156 | Tel. (617) 248-5000 |
| Tel. (508) 791-3511 | Fax (617) 248-4000 |
| Fax (508) 929-3035 | |

July 8, 2008