UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| **TRANSCANADA POWER** ) | |
| **MARKETING LTD.,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 05-40076-FDS |
| v. ) | |
| ) | |
| **NARRAGANSETT ELECTRIC** ) | |
| **COMPANY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER ON JOINT MOTION FOR CLARIFICATION AND
WITHDRAWAL OF THE COURT'S MARCH 26, 2008 MEMORANDUM**

**SAYLOR, J.**

This is an action by plaintiff TransCanada Power Marketing Ltd., a wholesale electricity supplier, against Narragansett Electric Company, a retail electric distribution company. Narragansett is a regulated utility that is required to obtain approval from the Rhode Island Public Utilities Commission ("RIPUC") for the retail rates that it charges to consumers. The dispute essentially involves whether a wholesale contract for electric power between the parties required Narrangansett (1) to include a fuel adjustment mechanism in its retail rate filings with the RIPUC for the period 2005 to 2009, permitting it to collect higher revenues if fuel costs went up, and thus (2) to pay a higher fuel-adjusted price to TransCanada.

The parties submitted cross-motions for summary judgment, and on March 26, 2008, this Court issued an opinion granting those motions in part and denying them in part. *See generally TransCanada Power Marketing Ltd. v. Narragansett Elec.*, 542 F. Supp. 2d 127 (D. Mass.

2008). The opinion concluded, in substance, that the parties' contract unambiguously required Narragansett to include a fuel adjustment mechanism in its rate filings with the RIPUC for the period 2005 to 2009. *Id.* at 141.

After the Court's decision, the parties entered into a settlement agreement that has since been approved by the RIPUC. The parties have now jointly moved for clarification and withdrawal of the Court's March 26 order, including a request that the Court state specifically that the order has no preclusive effect. For the reasons stated below, the motion will be granted in part and denied in part.

The Court's March 26 memorandum and order explicitly stated that "in substance, this is a declaratory judgment action" and that additional judicial action would be needed to actually finalize the form of any *declaratory* judgment. *Id.* at 130, 141 ("The Court will grant summary judgment in part as to both declaratory judgment claims, but in a form to be determined consistent with this opinion, and not as to the specific declaratory relief sought"). As to the parties' claims for declaratory judgment, the decision was therefore not a final judgment on the merits and not appealable.

The Court did, however, make summary judgment rulings as to various other claims. Specifically, the Court granted TransCanada's motion for summary judgment as to Counts 1 and 3 of the counterclaim, and denied it as to Counts 1, 3, and 4 of the complaint. The Court also granted Narragansett's motion for summary judgment as to Count 2 of the complaint. These determinations were docketed, and the appropriate counts were actually dismissed from the case. The Court does not believe that it is appropriate to withdraw its memorandum and order, or to vacate those rulings, notwithstanding the fact that a settlement has occurred. The memorandum

and order was a valid exercise of the Court's authority in a then-existing case or controversy, and whatever persuasive or preclusive effect that order may have is a question for another day.

Accordingly, the parties' joint motion for clarification is GRANTED in part and DENIED in part. The memorandum and order of March 26, 2008 is clarified as set forth in this order.

**So Ordered.**

|  |  |
|---|---|
| Dated: July 10, 2008 | /s/  F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |